UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BOBBIE K.,

           Plaintiff,

v.                                                                5:20-CV-0860
                                                                  (ML)
COMMISSIONER OF SOCIAL
SECURITY,

           Defendant.
_____

APPEARANCES:                                                      OF COUNSEL:

OLINSKY LAW GROUP                                                 CHRISTOPHER MILLIMAN, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street
Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                                    HEATHER M. LACOUNT, ESQ.
  Counsel for the Defendant                                      Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]  This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

in connection with those motions on March 15, 2022, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 21) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: March 21, 2022
Binghamton, New York

*Miroslav Lovric*

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____
K.

vs.                  5:20-CV-860

COMMISSIONER OF SOCIAL SECURITY

_____


Transcript of Decision & Order

March 15, 2022

Telephone Conference


The HONORABLE MIROSLAV LOVRIC Presiding



A P P E A R A N C E S


For Plaintiff:     CHRISTOPHER MILLIMAN, ESQ.


For Defendant:     HEATHER LaCOUNT, ESQ.


*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1        THE COURT:  So the Court begins by first
2   indicating that in this case Plaintiff has commenced this
3   proceeding pursuant to Title 42 United States Code
4   Section 405(g) to challenge the adverse determination by the
5   Commissioner of Social Security finding that she was not
6   disabled at the relevant times and therefore ineligible for
7   the benefits that she sought.
8            By way of background the Court notes the
9   following:  Plaintiff was born in 1996.  She is currently 25
10  years old.  She was 20 years old at the alleged onset of her
11  disability on September 17, 2016.
12           Plaintiff lived at various times with her
13  boyfriend and at various times with her parents.
14           Plaintiff stands approximately 5 feet 3 inches in
15  height and weighs approximately 230 pounds.
16           Plaintiff has a GED and can communicate in
17  English.
18           Plaintiff has past relevant work experience as a
19  claims service representative, a shift counter, and a shift
20  worker.
21           Plaintiff suffers from bipolar disorder,
22  schizoaffective disorder, and borderline personality
23  disorder.
24           Plaintiff is prescribed Geodon, Zyprexa, Valium,
25  Lamictal, wellbutrin, and Ingrezza.

1        At her consultative examination with Dr. Karmin
2   dated March 22nd, 2017, Plaintiff reported activities of
3   daily living that included preparing simple meals, doing
4   laundry, making her bed, shopping, and going to a coffee
5   shop.  However, during her administrative hearing, Plaintiff
6   reported that she was not able to prepare most simple meals
7   or do laundry and that she rarely went anywhere except to
8   therapy or medical appointments.
9        Now, procedurally the Court notes the following in
10  this case:  Plaintiff applied for Title II benefits on
11  January 20th of 2017, alleging an onset date of
12  September 17, 2016.
13       In support of her claim for disability benefits,
14  Plaintiff claims disability based on schizoaffective
15  disorder, bipolar, cognitive impairment, and a left leg
16  injury.
17       Administrative Law Judge Laureen Penn conducted a
18  hearing on May 6, 2019 to address Plaintiff's application
19  for benefits.  Plaintiff at that hearing was represented by
20  Jeff Myers.  Plaintiff and a vocational expert testified at
21  that hearing.
22       ALJ Penn issued an unfavorable decision on June 7,
23  2019.  That became a final determination of the Agency on
24  June 2nd, 2020, when the Social Security Administration
25  Appeals Council denied Plaintiff's application for review.

1          This action was commenced on August 3rd of 2020
2    and it is timely.
3          In her decision, ALJ Penn applied the familiar
4    five-step test for determining disability.
5          At step one, she concluded Plaintiff had not
6    engaged in substantial gainful activity since September 17
7    of 2016, the alleged onset date.
8          At step two she concluded that Plaintiff suffers
9    from severe impairments that impose more than minimal
10   limitations on her ability to perform basic work activities,
11   specifically the severe impairments of bipolar disorder,
12   schizoaffective disorder, and borderline personality
13   disorder.
14         At step three ALJ Penn concluded that Plaintiff's
15   conditions do not meet or medically equal any of the listed
16   presumptively disabling conditions set forth in the
17   Commissioner's regulations.  And the ALJ focused on
18   listing 12.03, dealing with schizophrenia spectrum and other
19   psychotic disorders; listing 12.04, dealing with depressive,
20   bipolar related disorders; and listing 12.08, dealing with
21   personality and impulse control behaviors.
22         Between steps three and four the ALJ determined
23   that Plaintiff retains the residual functional capacity,
24   also known as RFC, to perform a full range of work at all
25   exertional levels but with the following nonexertional

1  limitations:  Plaintiff is able to perform simple, routine,
2  repetitive work with few, if any, workplace changes and
3  occasional decision-making.  Plaintiff cannot perform tasks
4  requiring team work but can have occasional interaction with
5  supervisors and coworkers and can have an -- and can have
6  only incidental interaction with the public but cannot
7  provide direct customer service.
8           At step four the ALJ concluded that Plaintiff
9  could not perform any past relevant work as a fast food
10 worker or management trainee or claims clerk II.  The ALJ
11 therefore proceeded to step five.
12          At step five the ALJ concluded that considering
13 Plaintiff's age, education, work experience, and RFC that
14 there are jobs that exist in significant numbers in the
15 national economy that Plaintiff can perform.  The vocational
16 expert testified that given all of these factors, an
17 individual would be able to perform the requirements of
18 occupations such as linen room attendant, day worker,
19 laundry worker, and a cleaner II.  As a result the ALJ
20 concluded that Plaintiff has not been under a disability as
21 defined in the Social Security Act.
22          Now, as the parties know, this Court's functional
23 role in this case is limited and extremely deferential.  I
24 must determine whether correct legal principles were applied
25 and whether the determination is supported by substantial

1  evidence, which is defined as such relevant evidence as a
2  reasonable mind would find sufficient to support a
3  conclusion.  As the Second Circuit noted in Brault V. Social
4  Security Administration Commissioner, found at 683 F.3d 443,
5  2012 case, Second Circuit noted therein the standard is
6  demanding, more so than the clearly erroneous standard.  The
7  Court also noted in Brault that once there is a finding of
8  fact, that fact can be rejected only if a reasonable
9  fact-finder would have to conclude otherwise.
10          Now, Plaintiff raises one contention in this
11 matter.  Plaintiff argues that the RFC is not supported by
12 substantial evidence because the ALJ failed to properly
13 weigh the opinion of Plaintiff's treating physician,
14 Dr. Mohabir, as supported by her treating therapist
15 LCSW Rosario and CE Dr Noia.
16          The Court provides the following analysis based
17 upon the record and the briefs.  First, I begin by
18 indicating that the Court finds that there is substantial
19 evidence supporting the ALJ's RFC determination and that the
20 ALJ properly evaluated Dr. Mohabir's opinion.
21          First, as Defendant identifies, Plaintiff failed
22 to show that her mental impairment resulted in any greater
23 limitations than those already included in the RFC.
24          Second, it was proper for the ALJ to discount
25 Dr. Mohabir's opinion to the extent that it concluded

1  Plaintiff was, quote, was totally disabled due to her mental
2  health symptoms such that she was unable to perform work of
3  any kind, end quote.  The Court notes an opinion concerning
4  the ultimate issue of disability from any source is reserved
5  to the Commissioner.  See Mortise versus Astrue,
6  713 F.Supp.2d 111 at page 125, Northern District New York
7  2010 case.  See also Fuimo versus Colvin, 948.F.Supp.2d 260
8  at page 267, a Northern District New York 2013 case, and
9  therein the Court noting that -- noting that it was proper
10 for the ALJ to give little weight to an opinion that the
11 plaintiff was severely disabled and not competitively
12 employable, as that concerns an issue reserved for the
13 Commissioner.  The Court therein also citing 20 CFR
14 Section 416.927(d)(1).
15         Third, although Plaintiff points to treatment
16 notes from Dr. Mohabir that support her opinion, as the ALJ
17 concluded, Dr. Mohabir's treatment notes indicate that
18 Plaintiff demonstrated a neutral mood.  See transcript at
19 pages 425, 427, 428, 429, 430, 431, 435; and -- and that
20 Plaintiff denied suicidal or homicidal ideation.  See
21 transcript at 425, 426, 427, 428, 429, 430, 431, 433, 434,
22 435, and 436.  These unremarkable mental findings were
23 inconsistent with the extreme limitations that Dr. Mohabir
24 opined.
25         The Court notes, moreover, Dr. Mohabir's treatment

1  notes confusingly discuss visual and auditory hallucinations
2  that Plaintiff reported but simultaneously documented that
3  Plaintiff denied visual and auditory hallucinations.  See
4  transcript 425, 426, 427, and 431.
5           The ALJ may properly afford less than controlling
6  weight where the treating physician's medical source
7  statement conflicts with the provider's own treatment notes.
8           Additionally, Dr. Mohabir did not engage in any
9  cognitive testing and the record is devoid of objective
10 evidence to confirm Plaintiff's reports of hallucinations.
11 See case of Ferrara versus Saul, 20-CV-394, that's found at
12 2021 U.S. District LEXIS 64740 at page 17.  That is a
13 District of Connecticut April 2nd, 2021 case; and therein
14 holding that the ALJ is permitted to discount an opinion
15 when there is no objective evidence in the record to confirm
16 the plaintiff's reports of hallucinations.
17          Fourth, Dr. Mohabir's opinions were inconsistent
18 with the other record evidence.  As the ALJ identified,
19 Dr. Mohabir's opinion was inconsistent with mostly normal
20 findings of psychological consultative examiner Dr. Noia.
21 Dr. Noia found that Plaintiff -- found Plaintiff to have no
22 limitations in understanding, remembering, or applying
23 directions or instructions; maintaining personal hygiene; or
24 taking appropriate precautions.  See transcript page 372.
25 In addition, Dr. Noia found mild limitations in Plaintiff's

ability to use reason and judgment; to make work-related decisions; to sustain consistent concentration, pace, or ordinary work routine; or sustain regular attendance at work. Dr. Noia described Plaintiff as having a full affect, adequate social skills, and goal directed and coherent thought processes, with no evidence of delusions, hallucinations, or disordered thinking. See transcript page 371. Dr. Noia also described Plaintiff's cognitive functioning as normal, with intact attention, concentration, and memory. Plaintiff reported to Dr. Noia that she enjoyed reading, watching television, and listening to the radio. These findings are inconsistent with Dr. Mohabir's opinion that Plaintiff was unable to meet competitive standards and had no useful ability to function in these areas.

In addition, the ALJ supportively rejected Dr. Noia's opinion that Plaintiff had marked limitations in interacting adequately with superiors and coworkers, regulating emotions, controlling behavior, and maintaining well-being. As the ALJ identified, Dr. Noia's examination of Plaintiff showed her manner of relating and social skills as adequate. In addition, Dr. Noia's examination and report documented Plaintiff's normal attention, concentration, and memory.

Moreover, Plaintiff's treatment history after she was discharged from in-patient care on October 6, 2016, was

1  conservative, consisting of therapy and medication
2  management, with no evidence of significant exacerbations
3  that required in-patient treatment or urgent or emergency
4  care.  Follow-up neurological testing on October 17, 2016 by
5  Dr. Rizwana concluded that Plaintiff's, quote, recent and
6  remote memory and presentation is intact, end quote.
7          Plaintiff's treatment records with Dr. Rosario,
8  who is not an acceptable medical source, indicated that
9  Plaintiff told her therapist that she exercised regularly,
10 advocated on behalf of strangers in public, advocated for
11 herself with her insurance company over the cost of her
12 medication, and went on a blind date.
13         Dr. Karmin opined that Plaintiff could perform a
14 range of simple work and that -- that Plaintiff could
15 perform a range of simple work.
16         So based upon what I've just set forth in the
17 record and for the reasons also stated in Defendant's brief,
18 I find that the RFC determination is supported by
19 substantial evidence.  As a result, Plaintiff's motion for
20 judgment on the pleadings is denied.  Defendant's motion for
21 judgment on the pleadings is granted.  Plaintiff's complaint
22 is hereby dismissed.  And the Commissioner's decision
23 denying Plaintiff's benefits is affirmed.
24         That constitutes the decision of this Court.
25                     - - - - -